IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT J. TREISE,<br><br>　　　　Plaintiff,<br><br><br><br>　　　　vs.<br><br><br>STEPHEN T. SHIH et al.,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>MOTIONS WITHOUT PREJUDICE<br><br><br><br><br>Case No. 2:08-CV-250 TS |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel[1] and Motion for Service of Process.[2]  For the reasons discussed below, the Court will deny both motions without prejudice.

---

[1]Docket No. 5.

[2]Docket No. 7.

1

I.        Background

Plaintiff Robert Treise filed his *pro se* Complaint on March 31, 2008, alleging

discrimination based on age, pursuant to 42 U.S.C. § 2000e(5)(g).[3]  Plaintiff's Motion for Leave

to Proceed *in forma pauperis* has been granted.[4]

The Court has completed the screening process set forth under 28 U.S.C. § 1915.  Having

reviewed the pleadings in the file and being otherwise fully informed, the Court will deny

without prejudice Plaintiff's Motion to Appoint Counsel and his Motion for Service of Process.

I.        STANDARD

Under § 1915(e)(2)(B), the Court may dismiss Plaintiff's Complaint if it is frivolous or

malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief

against a defendant who is immune from such relief.[5]

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is

obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give

him an opportunity to amend."[6]  "A court reviewing the sufficiency of a complaint presumes all

of plaintiff's factual allegations are true and construes them in the light most favorable to the

---

[3]Docket No. 4.

[4]Docket No. 3.

[5]28 U.S.C. § 1915(e)(2)(B).

[6]*Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

plaintiff."[7]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9]  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[10]  With these standards in mind, the Court will address the cause of action set out in Plaintiff's Complaint.

II.     Age Discrimination Claim

Plaintiff sought employment at the Office of Personnel Management ("OPM") in Washington, D.C., in September 2007.  He states that a Mr. Jackson called to interview him. Plaintiff states that "he call several times, said job was in the Washington, D.C. area, he hire someone from FL."[11]  Plaintiff alleges that he was discriminated against because of his age, but cites no other facts to support his claim.  Further, Plaintiff asserts that he filed charges with the

---

[7]*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[8]*Id*. at 1110.

[9]*Id*.

[10]*Id*.

[11]Cmplt. at 9.

3

Equal Employment Opportunity Commission ("EEOC") on October 10, 2007, and that he received a "Notice of Right to Sue" letter on January 11, 2008.  However, he does not attach the letter to the Complaint, though instructed to do so.[12]  Plaintiff seeks the job "GS-11 Computer Supervisor" or other relief that the Court cannot ascertain from the Complaint.[13]

The Court finds that Plaintiff's complaint does not recite sufficient facts such that he could prevail on the facts he has alleged.  From the facts alleged, the Court can only surmise that Plaintiff was not offered a job for which he interviewed, and that the job was instead awarded to somebody from Florida.  While there may be evidence of discrimination based on age, the Court is unable to discover it from the Complaint.  Further, Plaintiff claims that he has received a letter from the EEOC, but does not attach it to the Complaint.  Thus, the Court finds that Plaintiff may be able to amend his complaint such that it would satisfy the requirements under § 1915(e)(2)(B).

The Court will deny Plaintiff's two outstanding motions without prejudice.  Upon filing an amended complaint, Plaintiff may refile his Motion to Appoint Counsel and his Motion for Service of Process.

III.     Conclusion

It is therefore

ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 5) and Motion for Service of Process (Docket No. 7) are DENIED WITHOUT PREJUDICE.  It is further

---

[12]*Id*. at 8.

[13]*Id*. at 9.

ORDERED that Plaintiff has thirty (30) days to file an amended complaint.  If Plaintiff

fails to do so, the Court will dismiss the Complaint pursuant to 29 U.S.C. § 1915.

DATED   June 2, 2008.

BY THE COURT:


_____
TED STEWART
United States District Judge

5